## HERZ *v.* LOEWENSTEIN.

---

TRADEMARKS; CANCELATION; CONTAINER; MANUFACTURING PROCESS.

A trademark for toothpicks, consisting merely in the method of sealing the wrapper in which they are inclosed, by passing it between two wheels with corrugated faces, so as to produce a corrugated embossing thereon, which constitutes the trademark claimed, will be canceled, since it involves an inherent element in the manufacture of the wrapper, which can be protected, if at all, only by having it patented as an invention.

Patent Appeals No. 823.    Submitted March 10, 1913.    Decided April 7, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a petition for the cancelation of a trademark registration.                          *Affirmed.*

The facts are stated in the opinion.

*Mr. Lucius E. Varney* and *Mr. Frederick L. Emery* for the appellant.

*Mr. Robert B. Killgore* for the respondent.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents sustaining the petition of Max Loewenstein, appellee, for the cancelation of a trademark for toothpicks issued to Alexander Herz, appellant, April 27, 1909.

Appellant is a manufacturer of quill toothpicks, which he puts up in individual paper wrappers in tubular form, which are sealed up by passing the ends of the wrappers between the peripheries of two wheels with corrugated faces. This process of sealing the packages produces a corrugated embossing on the ends of the wrappers, which constitutes the trademark of appellant.

The mark is not placed upon the toothpicks, but is produced as the result of a distinct method of sealing the wrappers. The corrugated ends are a part of the manufactured wrappers, and not subject to registration as an arbitrary mark. If this method of making wrappers is not anticipated, and serves a useful purpose, it could be patented as an invention, and others prevented for a limited time from using it. A trademark registration, however, would give appellant a perpetual monopoly. The trademark act cannot be used as an avenue to escape the limitations of the patent law.

The rule forbidding the registration of a mark which is an inherent element in the manufacture of the article on which it is used is well expressed in *Hoyt* v. *Hoyt,* 143 Pa. 623, 13 L.R.A. 343, 24 Am. St. Rep. 575, 22 Atl. 755, as follows: "But the trademark must relate to and distinguish the goods to which it is applied. For this reason, among others, the size or shape or mode of construction of a box, barrel, bottle, or package in which goods may be put is not a trademark. If there is any new and useful combination in the construction of such box or package, it should be patented as an invention, if the owner wishes to prevent others from using it; but such package cannot be registered as a trademark."

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.          *Affirmed.*